UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANAND ROY,

          Plaintiff,

v.                               Case no. 2:24-cv-00744-JLB-KCD

STEPHEN M. SCHERR, et al.,

          Defendants.

_____/

## **ORDER**

This cause comes before the Court upon Plaintiff Anand Roy's Unopposed

Motion to Consolidate, Appoint Co-Lead Plaintiffs, and Appoint Co-Lead Counsel.

(Doc. 22). Specifically, Plaintiff seeks to consolidate this action with *Yaun v. Hertz*

*Global Holdings, Inc. et al.*, Case No. 2:24-cv-00891-JLB-NPM ("Yaun") for all

purposes, including trial. (*Id.*). After review of the motion, the Court concludes

that these cases involve enough common questions of law and fact to permit

consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b).

Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate

matters presenting common questions of law or fact. In exercising its "considerable

discretion" over whether to consolidate multiple cases, the Court must consider:

(1) whether the risk of inconsistent adjudications of common factual and legal issues

outweigh the specific risks of prejudice and confusion; (2) the burden that multiple

lawsuits present; (3) the amount of time consolidation would save; and (4) the

relative expense of consolidating a matter or proceeding on multiple trials.

*Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against" a defendant. *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

After careful consideration, the Court finds that these cases are due to be consolidated for all purposes, including discovery, motion practice, and trial. This lawsuit and *Yaun* are shareholder derivative actions against Defendant Hertz Global Holdings, Inc. ("Hertz"). (Doc. 22; *Yaun*, Doc. 1). Both lawsuits allege Hertz made false and misleading statements relating to vehicle depreciation costs and overstated market demand for electric vehicles, leading to a 19.31% drop in stock price. (Doc. 22 at 4; *Yaun*, Doc. 1 at 7). Both actions bring claims for violating Sections 10(b) and 14(a) of the Securities and Exchange Act of 1934, breach of fiduciary duty, gross mismanagement, waste of corporate assets, and unjust enrichment. (*See* Doc. 1; *see also Yaun,* Doc. 1). Accordingly, the cases arise out of a common question of law or fact.

Additionally, Plaintiff moves to be appointed co-lead plaintiff alongside Davis Aiken Yaun, the lead plaintiff in *Yaun*, Case No. 2:24-cv-00891-JLB-NPM. (Doc. 22 at 2, 6–7). "[N]o statutory authority exists for the appointment of a lead plaintiff in

shareholder derivative actions. . . ." *Freeman on behalf of Tesla, Inc. v. Musk*, 324 F.R.D. 73, 79 (D. Del. 2018). That said, courts have the inherent "authority to appoint a lead plaintiff . . . in a derivative action in order to create an efficient case-management structure." *Id.* Further, Federal Rule of Civil Procedure 23.1(a) requires that a plaintiff in a derivative action "fairly and adequately represent the interests of shareholders . . . who are similarly situated in enforcing the right of the corporation. . . ."

Here, both Roy and Yaun have agreed to serve as co-lead plaintiffs. (Doc. at 6-7). The Court finds that Roy and Yaun will fairly and adequately represent shareholder interests. (*See* Doc. 22 at 7) ("Plaintiffs understand their duties and obligations as derivative plaintiffs and will each fairly and adequately represent the interests of Hertz shareholders in litigating the Consolidated Action and enforcing the rights of Hertz."); *Plunkett v. Poyner*, No. 08-60953-CIV-COHN, 2009 WL 5176542, at *5 (S.D. Fla. Dec. 22, 2009) ("The burden is on the defendants to show that a plaintiff will not fairly and adequately represent a corporation and its shareholders.") (citation omitted). Further, Federal Rule of Civil Procedure 23.1(b)(1) and Florida Statute § 607.0741 instruct that a plaintiff bringing a derivative action must have been a shareholder at the time of the complained-of conduct. Section 607.0741 also requires that the plaintiff be a shareholder at the time the action is commenced. Roy and Yaun meet these requirements. Both are current shareholders of Hertz and were shareholders at all relevant times. (Doc. 22 at 7; *Yaun*, Doc. 1 at ¶ 7). Thus, it is appropriate that Roy and Yaun serve as co-

lead plaintiffs.

Last, Plaintiff moves to approve Gainey McKenna & Egleston and The Brown Law Firm as co-lead counsel in the consolidated action. (Doc. 22 at 7–11). A court, "if it sees fit, may appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases and can assign the designated lawyers specific responsibilities." *KBC Asset Mgmt. NV on behalf of Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 607 (D. Del. 2015) (citation omitted, internal quotations omitted and cleaned up). "The selection of lead counsel in a shareholder derivative action filed in federal court is left to the sound discretion of the Court." *Id.* (citation omitted). "The Court must determine which counsel will best serve the interest of the plaintiffs with respect to experience and prior success record, the number, size, and extent of involvement of represented litigations, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged." *Id.* (citation omitted, internal quotations omitted and cleaned up).

Here, neither party has objected to the approval of the proposed co-lead counsel nor is the Court aware of any reason Gainey McKenna & Egleston and The Brown Law Firm should not be approved. Gainey McKenna & Egleston has extensive experience in complex class action litigation, shareholder derivative litigation, and securities fraud. (Doc. 22 at 9–10; Doc. 22-3 at 2–12). Additionally, the firm promises to defend its client and use all resources available to achieve the best outcome. (Doc. 22-3 at 2).

Similarly, The Brown Law Firm has received favorable outcomes in several

4

similar actions in both federal and state courts.  (Doc. 22-2 at 2).  Indeed, it specializes in shareholder derivative litigation.  (Doc. 22 at 10; Doc. 22-2 at 2).

Further, both firms are already familiar with the facts and claims of these two (2) related cases.  The Brown Law Firm is counsel for Plaintiff in this case and drafted the Complaint (Doc. 1).  Likewise, Gainey McKenna & Egleston are counsel for Plaintiff in *Yaun*, Case No. 2:24-cv-00891-JLB-NPM and worked on the Complaint.  (*See Yaun*, Doc. 1).  Thus, both firms have demonstrated that they are well-qualified to advocate for plaintiffs in the consolidated action.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Motion to Consolidate, Appoint Co-Lead Plaintiffs, and Appoint Co-Lead Counsel (Doc. 22) is **GRANTED**.  The Court consolidates Case Nos. 2:24-cv-00744-JLB-KCD and 2:24-cv-00891-JLB-NPM, for all purposes.

2. The Court designates this case, Case No. 2:24-cv-00744-JLB-KCD, as the lead case.

3. The parties are **DIRECTED** to submit all future filings utilizing that case number.

4. Anand Roy and Davis Aiken Yaun **SHALL BE DESIGNATED AS CO-LEAD PLAINTIFFS**.

5. Gainey McKenna & Egleston and The Brown Law Firm **SHALL BE DESIGNATED AS CO-LEAD COUNSEL FOR PLAINTIFFS**.

6. The Clerk of Court is **DIRECTED** to file a copy of this Order in the

consolidated case, Case No. 2:24-cv-00891-JLB-NPM.  The Clerk is

further **DIRECTED** to terminate any pending deadlines in Case No.

2:24-cv-00891-JLB-NPM *and* administratively close the file in Case

No. 2:24-cv-00891-JLB-NPM.

**ORDERED** in Fort Myers, Florida, on June 27, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE