**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD RYAN, derivatively on behalf of HERTZ GLOBAL HOLDINGS, INC.,

Plaintiff,

v. Case No. 2:26-cv-588-KCD-KRH

STEPHEN M. SCHERR, ALEXANDRA BROOKS, COLIN FARMER, JENNIFER FEIKIN, MARK FIELDS, VINCENT J. INTRIERI, MICHAEL GREGORY O'HARA, ANDREW SHANNAHAN, THOMAS WAGNER, EVANGELINE VOUGESSIS, FRAN BERMANZOHN, and JEFFREY NEDELMAN,

Defendants,

and

HERTZ GLOBAL HOLDINGS, INC.,

Nominal Defendant.
_______________________________/

## Order

Before the Court is the parties' Joint Motion to Consolidate Related Shareholder Derivative Actions and to Terminate All Deadlines and Administratively Close the *Ryan* Action. (Doc. 23). As one might guess from that mouthful title, there's a lot going on here. But the parties are right. The Motion is granted.

This action is related to another pending here—*Roy v. Scherr*, No. 2:24-cv-744-KCD-KRH (M.D. Fla.). Both are derivative actions filed on behalf of Hertz over a common set of facts. *Roy* is further along. And *Roy* even has yet another related derivative action consolidated into it. *Yuan v. Hertz*, No. 2:24-cv-891-KCD-NPM (M.D. Fla.).

It appears the parties have been working hard on all this related litigation. They reached a preliminary global resolution of everything. But since these are derivative actions, the Court must review the settlement and decide whether to approve. Fed. R. Civ. P. 23.1(c). So now, the parties ask to consolidate this case with *Roy*—i.e., the lead case proceeding towards settlement review.

Whether to consolidate is a discretionary call. Fed. R. Civ. P. 42(a); *see also* M.D. Fla. Local R. 1.07(b). Various factors guide judges in exercising that discretion. *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 104, 1313 (11th Cir. 2017).

Judge Badalamenti already considered these factors, finding that consolidation was appropriate for *Roy* and *Yuan*. *Roy*, No. 2:24-cv-744, Doc. 34 (M.D. Fla. June 27, 2025). The Court agrees with his analysis to the extent that it overlaps. But the reasons to consolidate have only become stronger with a possible global resolution on the horizon. This will avoid inconsistent judgments while minimizing the time, burden, and expense for everyone.

In short, the Court agrees with the parties that consolidation is appropriate. It consolidates this case with *Roy* for all purposes—including the upcoming settlement review process. While that plays out, this action will be administratively

closed. And the parties are excused from any pending deadlines here, like responding to the Complaint. If everything gets resolved in *Roy*, though, the parties should file appropriate papers to dismiss *Ryan* and *Yuan*.

**ORDERED**:

1. The parties' Joint Motion to Consolidate Related Shareholder Derivative Actions and to Terminate All Deadlines and Administratively Close the *Ryan* Action (Doc. 23) is **GRANTED**.

2. The Court **CONSOLIDATES for all purposes** *Roy v. Scherr*, No. 2:24-cv-744-KCD-KRH, and *Ryan v. Scherr*, No. 2:26-cv-588-KCD-KRH.

   a. The Clerk is **DIRECTED** to **DESIGNATE** *Roy* as the lead case and *Ryan* as a member case.

3. The parties must **FILE** all future papers (apart from any required dismissal papers) in *Roy*.

4. The Clerk is **DIRECTED** to **FILE** a copy of this order in *Roy*.

5. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** *Ryan* and **TERMINATE** all pending deadlines.

In Fort Myers, Florida, on October 9, 2026.

Kevin R. Huguelet
United States Magistrate Judge